REC'D APR 2 9 2026

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. WILLIAMS<br>1512 Spruce Street, Apt. 714<br>Philadelphia, PA 19102    : | CIVIL ACTION |
|                 Plaintiff,    : | No.: _____ |
|        v.    : | |
| CITY OF PHILADELPHIA<br>1515 Arch Street<br>Philadelphia, PA 19102    : | **JURY TRIAL DEMANDED** |
|                 Defendant.    : | |

## CIVIL ACTION COMPLAINT

Plaintiff, proceeding *pro se*, hereby avers as follows:

### INTRODUCTION

1.     This action has been initiated by John R. Williams (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against his employer, the City of Philadelphia (hereinafter referred to as "Defendant"). Plaintiff asserts violations of Title VII of the Civil Rights Act ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*) and Section 1983 of the Civil Rights Act of 1871 ("Section 1983" - 42 U.S.C. § 1981).[1]

2.     Plaintiff was subject to discriminatory and retaliatory mistreatment while employed (as explained *infra*).

---

[1] Plaintiff will amend his lawsuit to include state and local claims arising under the Philadelphia Fair Practices Ordinance and the Pennsylvania Human Relations Act once those claims have been administratively exhausted.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. State claims asserted herein are proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

4.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because actions underlying this case occurred in this District, and Defendant is deemed to reside where it is subject to personal jurisdiction (rendering venue appropriate for multiple reasons).

6.      On or about January 27, 2026, Plaintiff filed a Charge of Discrimination with the EEOC. The EEOC issued Plaintiff a Right to Sue letter on or about February 3, 2026, and Plaintiff is proceeding herein within 90 days of being issued the Right to Sue Letter.

## PARTIES

7.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.      Plaintiff is an adult African-American/Black male residing at the above-captioned address.

9.      The City of Philadelphia is a first-class city and the sixth-most populous city in the United States.

10.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is a Black/African-American male.

13.     Plaintiff has been employed by the City of Philadelphia in varying capacities for over thirty (30) years.

14.     Most recently, beginning in or about May 2018, through extensive training and education, Plaintiff became employed by Defendant as a Social Worker within the Parks & Recreation Department where he continues

15.     Plaintiff initially reported to the West Oak Lane Senior Center and in or about September 2025 began reporting to the South Philadelphia Older Adult Center located at 1430 E. Passyunk Avenue.

16.     Throughout the duration of his employment, Plaintiff has been subjected to continuous and repeated race-based harassment at the hands of his coworkers.

17.     Specifically, Plaintiff, unlike non-Black/African-American employees has been targeted and repeatedly threatened with physical and bodily harm, has been told he is "lucky to still be alive," and that he would be attacked.

3

18. Upon information and belief, this severe and/or pervasive harassment stems from Plaintiff's time working at the Water Department and prior race based harassment perpetrated by Water Department Safety Officers Barbara Ramos ("Ramos") (white/Caucasian) and Michael Augustus ("Augustus")(white/Caucasian).

19. Plaintiff reported Ramos and Augustus for race-based discrimination, but their harassment was allowed to continue unchecked.

20. Upon information and belief, Ramos and Augustus continue to direct other employees to continue their racial harassment of Plaintiff on constant basis to this day.

**COUNT I**
**<u>Violations of 42 U.S.C. § 1983</u>**
**(Race/Color Discrimination & Retaliation)**

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22. The Fourteenth Amendment to the United States Constitution protects persons from being subjected to discrimination, by persons acting under color of state law, on the basis of a protected class (e.g., sex, race, color).

23. Section 1983 provides a cause of action for unconstitutional employment discrimination by both employers and individuals, so long as the Plaintiff shows that the Defendant acted under color of state law.

24. Defendant violated Section 1983 by intentionally discriminating against Plaintiff in a serious tangible way with respect to his compensation, terms, conditions, or privileges of employment.

25. Defendant acted under color of state law.

26. Defendant acted upon a continuing course of conduct.

27. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights and as a result there should be an award of punitive damages against Defendant.

28. Plaintiff seeks relief for being subjected to a hostile work environment.

29. The adverse actions taken against Plaintiff as outlined herein because of his race and/or in retaliation for his concerns of racial discrimination constitute violations of 42 U.S.C. § 1983.

## COUNT II
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Race/Color Discrimination & Retaliation)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff seeks relief for being subjected to a hostile work environment.

32. Plaintiff properly exhausted his administrative remedies by timely filing his claims asserted herein with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within 90 days of receipt of a right-to-sue letter and/or case closure notice.

33. At all times material, the intentional, race-based discrimination by Defendant was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

34. At all times material, Plaintiff believed his work environment to be hostile or abusive as a result of Defendant's racially discriminatory conduct.

35. The hostile work environment alleged herein unreasonably interfered with Plaintiff's work performance. 95. The hostile work environment alleged herein was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

36. Defendant provided a futile avenue for complaint.

5

37.     Defendant acted upon a continuing course of conduct.

38.     Defendant's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

39.     The adverse actions taken against Plaintiff as outlined herein because of his race/color and/or in retaliation for his concerns of racism constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

By: _____
John R. Williams
*Pro se*

Dated: March 29, 2026